State, National Railway Co., Pros., v. Easton & Amboy R. R. Co.

the defendant, was to declare the sheriff's deed to be a mortgage, and to designate a time within which redemption might be made.  A tender of the money to be paid on redemption within the time limited, might possibly have operated to extinguish the lien of the deed as a mortgage, and thus have opened the way for a defence to an action of ejectment in a court of law.  But an unaccepted tender made after the prescribed time, cannot, in law, have such effect.  *Shields* v. *Lozear,* 5 *Vroom* 496.

The relief of the defendants (if any) must be sought in the Court of Chancery, on an application for an enlargement of the time for redemption.  In such proceedings equities that have arisen since the default may be considered, and, if redemption is there obtained, restitution may be had by the process of that court.  *Shields* v. *Lozear.*

The judgment is erroneous in including taxed costs.  *Nix. Dig.* 740, § 174.*  To that extent let it be set aside, and a rule be entered for the amendment of the return by filing, *nunc pro tunc,* the proper affidavit of service.

The rule to show cause is discharged without costs.

CITED in *Meyer* v. *Bishop,* 12 *C. E. Gr.* 141.

---

THE STATE, THE NATIONAL RAILWAY COMPANY, PROSECUTORS, v. THE EASTON AND AMBOY RAILROAD COMPANY.

1. The charter of the E. & A. Co. distinguishes between the owner and person interested in the proceedings to condemn lands.  By owner is meant the person having some legal estate which the company proposes by the condemnation to acquire.  Under the expression, "persons interested," are included not only the owner whose estate it is intended to acquire, but also other persons having some independent right or interest therein, or lien or encumbrance thereon.
2. The proceeding for condemnation is strictly between the company and the persons who are made parties to it.  The omission of the owner of

*Rev., p.* 333, § 50.

any estate in the lands or part owner of the fee, or the holder of any encumbrance will not invalidate the proceeding as against such persons as are made parties. The consequence will only be that as against the omitted persons the condemnation will be nugatory.

3.  The trustee of a trust in lands, not executed by the statute, is the proper party to proceedings to condemn the lands; the *cestui que trust* need not be made a party.

4.  The condemation of lands owned by one railroad company—not used for railroad purposes—by another company for use in the construction of a railroad, will be unavailable to condemn the franchises of the former. All that will be acquired will be a right of way, and incidentally, the power to cross the track of the former where the routes of the two roads cross each other.

On *certiorari* to review appointment of commissioners to condemn lands.

Argued at November Term, 1872, before Justices WOODHULL, DEPUE and VAN SYCKEL.

For the prosecutor, *R. Gilchrist, Attorney-General.*

Contra, *T. N. McCarter.*

The opinion of the court was delivered by

DEPUE, J.   On the 22d of July, 1872, application was made to a justice of the Supreme Court by the Easton and Amboy Railroad Company, for the appointment of commissioners to condemn certain lands, situate in the county of Somerset, which were required by the company for the construction of their railroad. The legal title to the lands was in one Abraham Smith, who had entered into articles of agreement on the 28th of June, 1872, to convey a farm containing seventy acres of land, of which the strip required by the company was a part, to one Van Doren, the conveyance to be made on the first day of the following September. Van Doren, on the 28th of June, endorsed on the articles of agreement an assignment of all his right and interest in the same to Robert Crane, of Columbia, "*Trustee*," for the con-

sideration expressed of one dollar. The articles of agreement and assignment were put upon record before the application was made, and are recited in the statement of title laid before the justice. The justice fixed the 5th of August as the day for making the appointment of commissioners, and directed notice of the application to be given to Smith and Crane, and on the day named proof being made that notice had been given as directed, proceeded to appoint commissioners. Immediately on the making of this appointment, the National Railway Company sued out a writ of *certiorari* to set aside the appointment, on the ground that that company should have been made a party to the application, and should have had notice of the intended appointment.

It appears from the depositions, that Van Doren and Crane were acting in the capacity of agents for the National Railway Company in acquiring the right of way for their projected railroad.

On the same day that Van Doren made the assignment of his rights under the article of agreement to Crane, the latter executed a declaration of trust, declaring that he held the said contract and other contracts as trustee, to hold for the use and benefit of the National Railway Company, and to be transferred at such time, and to such persons, and in such manner as that company should order or request.

On the 23d of July, 1872, Smith conveyed the farm directly to Crane, who, on the 30th of August, by a formal deed of conveyance, conveyed to the National Railway Company a portion thereof, containing seventeen acres and thirteen one-hundredths of an acre.

The survey of the route of the National Railway Company through the farm was filed on the 10th of March, 1872, nearly two months before that of the defendants was filed.

The only question discussed on the argument which we deem it necessary to notice, is whether the defendants could, in the situation of the title to the premises as it was when the application was made, proceed to condemn the lands without making the National Railway Company a party, or, at least, giving to them the statutory notice, as a " person interested."

The defendants' charter provides that if the company, or its agents, cannot agree with the owner or owners of required lands or materials for the use or purchase thereof, a particular description of the land or materials so required shall be given in writing, under the oath, &c., and also the name or names of the occupant or occupants, if any there be; and of the owner or owners, if known; and their residence, if the same can be ascertained, to one of the justices of the Supreme Court of this state, who shall cause the company to give notice thereof to the persons interested, if known, and in this state, or if unknown, and out of this state, to make publication thereof as he shall direct. Thereupon commissioners are to be appointed to examine and appraise the said land or materials in controversy, upon the specified notice to the persons interested.

The charter plainly distinguishes between the owner and *persons interested*, throughout the entire proceedings for condemnation as provided for in the seventh and eighth sections.

By owner is meant the person having some legal estate which the company proposes by the condemnation to acquire. Under the more comprehensive expression of persons interested, are included not only the person in whom is vested the legal title which the company proposes to acquire as indicated by their application, but also other individuals having some independent right or interest therein, not amounting to an actual legal estate, such as an easement of a right of way, inchoate rights of dower, or curtesy, or encumbrances, such by judgments or mortgages, which are charges or liens on the legal estate. The object attained in making the latter class of individuals parties to the proceedings, is that their interests may be extinguished by payment out of the money awarded or compensated for under the provisions of the general statute, which authorizes the court into which the money may be paid, to make allowance out of the fund in satisfaction of such interest. *Nix. Dig.* 863, § 55.*

The proceeding for condemnation is strictly between the

* *Rev.*, p. 897, § 312.

company and the persons who are made parties to it. The omission of the owner of any estate in the lands, or any part owner of the fee, or of the holder of any lien, or encumbrance thereon, whose estate or interest is essential to a perfect and indefeasible title in the company, will not invalidate the proceeding as against such persons as are made parties. The consequence will be merely that as against such omitted persons, the condemnation will be nugatory. To this extent the company proceeds at their peril.

If, when the petition was presented to the justice, the prosecutors were the owners of any legal estate in the property, or if they had then an interest therein which was not represented in the person of Crane, their remedy would not be by writ of *certiorari*. Having given notice of their rights to avoid equities, they might safely rest and suffer the condemnation to go on as proceedings, by which—not being parties—they would be in no wise affected. *Ross* v. *E. & S. R. R. Co.*, 1 *Green's Ch.* 422.

But on examining the depositions, it will be found that the proceedings, as affecting the interest of the prosecutors, considering them as owners of an equitable estate in the lands, are in every respect regular.

Smith was properly described in the petition as the owner. Neither Crane nor the National Railway Company were owners in a legal sense. By the articles of agreement, Van Doren became entitled merely to acquire title at a future day, on the payment of the unpaid consideration money. Crane, by the assignment, obtained nothing more. The subsequent transfers of the legal title, by conveyances made after the proceedings were commenced by presenting the application, cannot impair the regularity of proceedings which were then in conformity with the law.

Crane was named in the petition as a party, and the nature of his interest is set out. He had legal notice of the intended appointment. The fact that he was trustee for any one, appeared on the record only as he was designated trustee in the assignment. What the nature of the trust was, and

for whose benefit it was created, were not shown by the record. An examination of the papers made exhibits, discloses the fact that the rights of the prosecutors, under the arrangement between them and Crane, were merely such as exist in equity in a *cestui que trust*, to compel the performance by the trustee of the obligations springing from the fiduciary relation. If any interest susceptible of legal recognition was created by the agreement for a conveyance, such interest cannot be regarded as subsisting as a distinctive right in the property after the period when it became vested in Crane. In courts of law, the trustee for all the purposes of litigation is the representative of the *cestui que trust*. Damages on opening a street are to be assessed to the trustee, and he may prosecute a writ of *certiorari* in his own name if the assessment is not so made. *State, Woodruff, pros.*, v. *Orange*, 3 *Vroom* 49.

In proceedings of the character of those now before the court, it has been held that the trustee is the proper party, and not the *cestui que trust*. *Davis* v. *Charles River Branch R. R. Co.*, 11 *Cush.* 506 ; *Hawkins* v. *County Commissioners*, 2 *Allen* 254.

To establish a rule with respect to parties in applications of this kind, more stringent than is in force in the prosecution of actions in courts of law in requiring the *cestui que trust* to be brought in and made a party, would cause great difficulty and embarrassment in condemning lands for public uses. In some cases such a rule would involve the necessity of searching through the labyrinths of the complicated trusts of wills and settlements to ascertain the individuals for whose ultimate benefit the uses declared were created. No practical inconvenience can result from holding that the trustee of a trust not executed by the statute, is the proper party. Whatever claim for compensation, consistent with established rules for admeasuring damages, might be made by the *cestui que trust*, if a party, may be presented by the trustee whose duty it is to protect the estate held in trust.

On the argument much stress was placed upon the fact

State, National Railway Co., Pros., v. Easton & Amboy R. R. Co.

that the prosecutors' route was first located. These proceedings will be unavailable to condemn the prosecutors' franchises The routes of the two roads through the farm are not identical. They cross each other at a convenient angle. Neither company has constructed a track over the premises. By the condemnation, the defendants will acquire simply a right of way over the lands, and incidentally, the power to cross the track of the prosecutors. It would be competent for the defendants to acquire both these privileges under the power of condemnation in their charter, if the title to the lands were in the prosecutors without any express grant to that effect. *Morris and Essex R. R. Co.* v. *Central R. R. Co.*, 2 *Vroom* 206.

If the prosecutors have equitable rights growing out of priority of location, and the agreement to purchase for a specific purpose before these proceedings were commenced, neither the commissioners, nor the Circuit Court on appeal is the proper forum for the determination and adjudication of the conflicting rights of the two companies in the exercise of their respective franchises. The inquiry before these tribunals will be the value of the lands and the damages. It could be nothing more if the prosecutors had been made parties. Whether the use proposed to be made by the prosecutors of the land at the intersection of the two routes, and the inconvenience to which they may be subjected by the crossing of their railroad when constructed, are matters which may be considered in awarding damages, are questions that must be raised at the trial.

The proceedings are affirmed with costs.

CITED in *State, M. & E. R. R. Co., pros.,* v. *Hudson Tunnel Co.,* 9 *Vr.* 548; *New Jersey Southern R. R. Co.* v. *Long Branch Comm'rs,* 10 *Vr.* 28; *McIntyre* v. *Easton and Amboy R. R. Co.,* 11 *C. E. Gr.* 425; *Platt* v. *Bright,* 2 *Stew. Eq.* 128; *S. C.,* 4 *Stew. Eq.* 81; *S. C.,* 5 *Stew. Eq.* 362.